# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

BEVERLY J. BEARD           *

Plaintiff           *

v           *      Civil Action No. ELH-11-3481

ROLAND WALKER           *

Defendant           *

          ***

## MEMORANDUM

The above-captioned case was filed on December 2, 2011, together with a motion to proceed in forma pauperis. Because plaintiff appears to be indigent, her motion shall be granted.

Plaintiff filed this self-represented complaint against the attorney who represented her "in a federal criminal case." She alleges counsel was ineffective in his representation of her during trial and seeks monetary damages as well as a "permanent injunction against the defendant from performing certain acts in the future, such as counseling federal criminal cases." Complaint at 6 (ECF 1). Plaintiff asserts that counsel's performance was so ineffective that it violated her Sixth and Eighth Amendment rights.

The complaint must be dismissed for lack of subject matter jurisdiction.

A legal malpractice claim is not a federal claim. *See, e.g.*, *Bilal v. Bell*, 944 F.2d 842 (8th Cir. 1993) (unreported) ("a legal malpractice action does not raise a federal question"); *Jost v. State of Oregon*, 923 F.2d 862 (9th Cir. 1991) (unreported) (same). A legal malpractice claim involves state law and application of state standards of review. As such, this Court does not have jurisdiction to hear the claim unless the matter meets the standards for diversity jurisdiction. All of the parties named in the instant case are residents of Maryland; therefore, this Court's

diversity jurisdiction does not apply.[1]

To the extent that plaintiff is claiming a constitutional violation in the context of her attorney's representation, that claim must fail. In order to state a constitutional claim, plaintiff must allege that persons acting under the color of state law deprived him of a constitutionally guaranteed right. *See* 42 U.S.C. § 1983. Public defenders and privately retained criminal defense attorneys do not act under color of state law when representing criminal defendants. *See Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981). Thus there is no constitutional claim stated.

Although "a malpractice claim may grow out of the defense of a federal criminal, such claim does not create a federal question, even where its resolution would require a substantial evaluation of applicable federal law. Accordingly, the plaintiff's reliance on the Sixth Amendment in this action is misplaced and [plaintiff's] malpractice claim creates no federal question for jurisdictional purposes." *Davis v. Yeager*, Civ. No. 5:11CV61, 2011 WL 3501753, at *2 (N.D.W. Va. Aug. 10, 2011) (internal citation and footnote omitted); *accord Mugan v. McGuire Law Firm, P.C.*, No. C. 06-3054-MWB, 2007 Wl 1385364, at *1 (N.D. Iowa May 8, 2007) ("references to 'ineffective assistance' . . . do not give this court subject matter jurisdiction").

Accordingly, by the separate Order that follows, the complaint will be dismissed.

Date: December 8, 2011                        /s/
                                              Ellen Lipton Hollander
                                              United States District Judge

---

[1] Diversity jurisdiction is conferred upon federal courts over civil actions in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and the action is between "citizens of different States." 28 U.S.C. § 1332(a)(1).